UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIM NAY, as Personal Representative of the ESTATE OF MARIA GONZALEZ TORRES; and GREGORY PRICE, as Guardian Ad Litem of I.G., a minor,

Plaintiffs,

v.

BNSF RAILWAY COMPANY, et al.,

Defendants.

Case No. C19-5425-MLP

ORDER GRANTING PLAINTIFFS' MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

This matter comes before the Court upon Plaintiffs' motion for appointment of a guardian ad litem. (Dkt. # 2.) This case stems from a collision between a high-speed train and a motor vehicle driven by Maria Gonzalez Torres, who is now deceased. Plaintiff Tim Nay, who is the personal representative of the Estate of Maria Gonzalez Torres, is representing the Estate's interests in this action. Ms. Torres's minor son, I.G., was a passenger in the vehicle at the time of the accident. (Dkt. # 1 at 4.) In the instant motion, Plaintiffs move the Court to appoint Gregory Price, an attorney who has previously served as a guardian ad litem for minors on numerous occasions in Superior Court actions involving personal injury claims, to serve as an independent

ORDER GRANTING PLAINTIFFS' MOTION FOR
APPOINTMENT OF GUARDIAN AD LITEM - 1

guardian ad litem on behalf of Plaintiff I.G. (Dkt. # 3 at 1 (Price Decl.).) I.G.'s father, Daniel Gonzalez, approves of the proposed appointment. (Dkt. # 4 at 1 (Gonzalez Decl.).)

Federal Rule of Civil Procedure 17(c) states, in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

In addition, Local Rule 17(c) provides:

> In every case where the court is requested to approve a settlement involving the claim of a minor or incompetent, an independent guardian ad litem, who shall be an attorney-at-law, must be appointed by the court, and said guardian ad litem shall investigate the adequacy of the offered settlement and report thereon; provided, however, that the court may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel.

LCR 17(c).

The Ninth Circuit has long held that "Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat County, State of Wash.,* 795 F.2d 796, 805 (9th Cir. 1986). In Washington, a person under the age of 18 may be deemed incompetent for purposes of legal proceedings. *See* RCW 11.88.010(d) ("A person may also be determined incapacitated if he or she is under the age of majority as defined in RCW 26.28.010."); RCW 26.28.010 ("Except as otherwise specifically provided by law, all persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years."). The Ninth Circuit has established that "[i]f an infant or incompetent person is unrepresented, the court should not enter a judgment which operates as a judgment on the merits without complying with Rule 17(c)." *Krain v. Smallwood,* 880 F.2d 1119, 1121 (9th Cir. 1989); *Allen v. Calderon,* 408 F.3d 1150,

1153–54 (9th Cir. 2005). Thus, the purpose of Rule 17(c) is to protect a minor person's interests in prosecuting or defending a lawsuit. *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) ("Once the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem under Rule 17(c).").

The Court, having reviewed Plaintiffs' motion for appointment of Gregory Price as guardian ad litem for Plaintiff I.G., as well as the records and declarations filed in support of the motion, GRANTS Plaintiffs' motion (dkt. # 2) and ORDERS that Gregory Price is appointed as the guardian ad litem for Plaintiff I.G. The Court is mindful, however, that Defendants have not yet appeared in this case, and therefore had no opportunity to oppose Plaintiffs' motion. If Defendants reasonably believe the appointed guardian ad litem is unqualified or has a conflict of interest, Defendants may, within **ten (10) days** of their Notice of Appearance, move for substitution of the appointed guardian ad litem by filing a motion with the Court.

The Clerk is directed to send copies of this Order to Plaintiffs.

Dated this 21st day of May, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge